Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4466 | **DATE** | 12/6/2000 |
| **CASE TITLE** | EXCELLCARE, INC. vs. FIVE STAR RETIREMENT SERVICES, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]    The motion of defendants Five Star Retirement Services and Joann Webb to dismiss [8-1] is denied. Defendant Omega Healthcare's motion to dismiss [7-1] is moot. The defendants are directed to answer the complaint by . December 15, 2000. ENTER MEMORANDUM OPINION AND ORDER.

  *Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | DEC 07 2000 | | |
| | Notified counsel by telephone. | | date docketed | 19 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR ... | 12/6/2000 | |
| | Copy to judge/magistrate judge. | 00 DEC -7 PM 4:40 | date mailed notice | |
| SB | courtroom deputy's initials | | jad | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EXCELLCARE, INC. )
)
Plaintiff, ) No. 00 C 4466
)
v. ) Suzanne B. Conlon, Judge
)
FIVE STAR RETIREMENT SERVICES, INC., an )
Iowa corporation, JOANN WEBER, Individually, )
and OMEGA HEALTHCARE INVESTORS, )
INC., a Michigan corporation, )
)
Defendants. )

DOCKETED
DEC 0 7 2000

## MEMORANDUM OPINION AND ORDER

Excellcare, Inc. ("Excel") brings this action against Five Star Retirement Services, Inc. ("Five Star") and JoAnn P. Webb ("Webb"),[1] pursuant to agreements stating Excel would provide Five Star patients with services in exchange for hourly compensation. Excel alleges Five Star is liable for breach of contract (Count I) and account stated (Count II). Excel contends Webb is liable for guarantee (Count III). Excel further alleges both defendants are liable for conversion (Count IV), breach of fiduciary duty (Count V), constructive trust (VI), and fraud (Count VII). Defendants move to dismiss the complaint for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2) and improper venue, pursuant to and 12(b)(3). In the alternative, defendants seek transfer of Excel's suit to the United States District Court for the Southern District of Iowa, pursuant to 28 U.S.C. § 1404.

---

[1] Pursuant to an agreement among the parties, Omega Healthcare Investors, Inc. has been dismissed without prejudice from this lawsuit.

## BACKGROUND

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000).[2] Excel and its subsidiary, Renew Rehabilitation Center ("RRC") are Illinois corporations located in Cook County. Both companies are in the business of rehabilitation and nursing services. RRC also performs case management.

Five Star is an Iowa corporation with its principal place of business in Iowa. Five Star operates and manages Urbandale Health Care, Inc. ("Urbandale") in Urbandale, Iowa and six other Iowa health care facilities. Omega Healthcare Investors, Inc. ("Omega") owns these health care facilities. Webb was president and sole officer of Five Star. Five Star is now closed.

Excel performed numerous services for Webb and Five Star in Illinois. Providing these services required speaking on the phone with individuals at Five Star on almost a daily basis and writing letters, memos, and faxes to them. Numerous Excel employees, advisors, administrators, and managers traveled back and forth between Excel's and Five Star's facilities for meetings, updates, conferences, and instruction from Excel. In addition, Excel examined and modified Five Star programs, and Five Star conducted program oversight and review in Illinois. In order to carry out these business dealings, Five Star made monthly payments to Excel in Illinois, and Excel sent payments from Illinois to Five Star. Five Star's Illinois contacts with Excel continued for over two years.

---

[2] This court considers relevant facts from Excel's complaint and its brief in response to the motion to dismiss. A plaintiff may supplement a complaint with a brief or affidavit to defeat a motion to dismiss if the new facts are consistent with the allegations in the complaint. *Hentosh v. Herman M. Finch Univ.*, 167 F.3d 1170 (7th Cir. 1999).

# DISCUSSION

## I  Motion To Dismiss Standard

In ruling on a motion to dismiss, the court considers "whether relief if possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir. 1999) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A claim may not be dismissed if there is a set of facts that, if proven, would entitle a plaintiff to relief. *Trans All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F. 3d 1423, 1426 (7th Cir. 1996). A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). However, a court is not required to accept conclusory allegations as true. *Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 730 (7th Cir. 1994).

## II  Personal Jurisdiction

Excel has the burden of demonstrating personal jurisdiction over defendants is proper. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997). A federal district court may assert personal jurisdiction over a non-resident defendant if jurisdiction over that defendant is proper under the law of the forum state. Fed. R. Civ. P. 4(e); *Jacobs/Kahan & Co. v. Marsh*, 740 F.2d 587, 589 (7th Cir. 1984). A non-resident defendant may be sued in Illinois if (1) the defendant meets one of the provisions of the Illinois long-arm statute, 735 ILCS § 5/2-209 and (2) the defendant purposefully established minimum contacts with Illinois that satisfy due process. These two requirements collapse into one because the long-arm statute confers jurisdiction on any basis permitted by due process. *FMC Corp. v. Varonos*, 892 F.2d 1308, 1310 (7th Cir. 1990).

In determining whether sufficient minimum contacts exist, courts consider whether a defendant could "reasonably anticipate being haled into court" in Illinois. *World-Wide Volkswagen Corp. v.*

*Woodsen*, 444 U.S. 286, 297 (1980). This requirement is met when the defendant intentionally directs his activities at forum state residents and the litigation arises from injuries allegedly caused by those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

Defendants have Illinois contacts sufficient to subject them to personal jurisdiction in Illinois. Defendants claim their only contact with Illinois was making payments to Excel. It is true sending payments to Illinois alone may not establish minimum contacts for purposes of personal jurisdiction. *Real Colors, Inc. v. Jayprakash Patel, et al.*, 974 F.Supp. 645, 698 (N.D. Ill. 1997). However, Excel claims defendants engaged in numerous other activities in Illinois. The court will not recount the entirety of defendants' contacts, but highlights the most pertinent. First, Excel participated in almost daily correspondence with Five Star. Second, many of Excel's employees worked at Five Star's Illinois facilities and traveled to Illinois for meetings, updates, conferences, and instruction. Third, Excel reviewed and modified numerous Five Star programs, and Five Star conducted program oversight and review in Illinois. The agreements between Excel and defendants established an ongoing relationship. Provision of Excel's services gave rise to the allegations that defendants owe Excel money. Accordingly, defendants' motion to dismiss for lack of personal jurisdiction must be denied.

### III  Improper Venue and Transfer

As an additional ground for dismissal, defendants argue venue in this court is improper. Where federal jurisdiction is based on diversity of citizenship, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ." 28 U.S.C. § 1391(a)(2). Defendants' sole argument against venue in this district is that Five Star's business operations were maintained in Iowa. This fact is not dispositive since, as discussed above, many of the

services performed by Excel, for which payment is allegedly due, occurred in Illinois. These activities were a substantial part of the events giving rise to Excel's claims.

Alternatively, defendants move to transfer this suit to the Southern District of Iowa. To prevail on a motion to transfer, the movant must demonstrate (1) the proposed district is one where the action could have been brought and (2) the interest of justice and the convenience of the parties and witnesses favor transfer. 28 U.S.C. § 1404(a). Plaintiffs establish the first prong. They could have brought this action in the Southern District of Iowa because Five Star was headquartered there. For the second prong, the court considers: (1) the plaintiff's choice of forum; (2) the site of material events; (3) the availability of evidence in each forum; (4) the convenience to the parties of litigating in the respective forums." *Barnes v. Rollins Dedicated Carriage Services, Inc.*, 976 F.Supp. 767-68 (N.D. Ill. 1997). Each of these factors weighs in favor of this forum. First, Excel chose this forum. Second, as noted in the foregoing discussion, many of the activities giving rise to Excel's claims occurred in Illinois. Third, Excel claims seven or eight witnesses who will testify on its behalf reside in Illinois. Defendants dispute this claim and assert the witnesses likely to testify on behalf of both Excel and the defendants are located in Iowa. Defendants do not state the number of their potential witnesses who reside in Iowa. Therefore, this court must assume more witnesses will be inconvenienced if the trial takes place in Iowa. Defendants also fail to describe the content and number of relevant documents they claim are located in Iowa. Moreover, Excel claims all of the relevant documents are located in Illinois. For these reasons, defendants have failed to establish accessibility of evidence and witness convenience favor transfer. Finally, in regard to the convenience of the parties, Five Star is no longer in operation, and Webb resides in Arizona, not Iowa. It is far easier for an out-of-district defendant to litigate here in a major city with corresponding transportation hubs than to travel to Iowa.

The court must also consider whether a transfer is in the interest of justice. In determining the interest of justice, the court considers traditional notions of judicial economy, such as (1) relations of the community to the issues, (2) ensuring a speedy trial, and (3) the respective court's familiarity with the applicable law. *Avesta Sheffield, Inc. v. Olympic Continental Resources, L.L.C.*, No. 99 C 7647, 2000 WL 198462, at *7 (N.D. Ill. Feb. 14, 2000). For the reasons discussed above, consideration of the first two prongs caution against transfer. The parties agree Iowa law governs. This factor does not outweigh the importance of the community's interests and a speedy trial. Access to proof and availability of witnesses will facilitate a speedy trial. This court is confident it can properly apply Iowa law. Accordingly, transfer is not appropriate.

## CONCLUSION

Five Star's and Webb's motion to dismiss is denied.

ENTER:

Suzanne B. Conlon
United States District Judge

December 6, 2000